John E. Mitchell, SBN: 00797095
Michaela Crocker, SBN: 24031985
Yelena Archiyan, SBN: 24119035
**KATTEN MUCHIN ROSENMAN LLP**
2121 N. Pearl St., Suite 1100
Dallas, TX 75201
Telephone: (214) 765-3600
Facsimile: (214) 765-3602
Email: john.mitchell@katten.com
Email: michaela.crocker@katten.com
Email: yelena.archiyan@katten.com

*Counsel for Silver Star CRE II, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| ICED TEA WITH LEMON, LLC | § | Case No. 24-41976 |
| | § | |
| Debtor. | § | |
| | § | |

**OBJECTION TO MOTION FOR EXTENSION OF TIME FOR
FILING SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS**
(Related Docket No. 10)

Silver Star CRE II, LLC ("**Silver Star**") objects to Iced Tea with Lemon, LLC's *Motion for Extension of Time for Filing Schedules and Statement of Financial Affairs* [Docket No. 10] (the "**Extension Motion**") as both unnecessary and highly prejudicial to creditors, particularly Silver Star, whose sale of the underlying real property is in limbo, and likely to fall through, unless the Trustee receives the information necessary for him to make a timely and informed decision regarding the Lease. In support of this Objection, Silver Star states as follows:

1

301097079v3

## BACKGROUND

A. **Overview of the Bankruptcy Case**

1. On June 6, 2024 (the "**Petition Date**"), Iced Tea with Lemon, LLC (the "**Debtor**") filed a voluntary petition under Chapter 7 of the Bankruptcy Code, initiating the above-captioned chapter 7 case (the "**Bankruptcy Case**"). Upon information and belief, this was an emergency filing with virtually no notice to employees or vendors.

2. On June 7, 2024, the Court filed the *Notice of Deficiency* [Docket No. 6], requiring the Debtor to file its schedules A/B & D-H and statement of financial affairs (together, the "**Schedules**") by June 20, 2024.

3. On June 11, 2024, the Debtor filed the Extension Motion requesting a 13-day extension to file the Schedules.

B. **The Lease and Sale of the Property**

4. Prepetition, the Debtor and Silver Star[1] entered into an Entertainment Complex Lease dated June 26, 2012 (as amended, the "**Lease**") whereby the Debtor agreed to lease from Silver Star approximately 29,800 square feet of space in a retail commercial complex situated in the City of Richardson, Texas (the "**Leased Premises**"). Prepetition, the Debtor operated an Alamo Drafthouse on the Leased Premises. The Debtor, however, ceased all operations on the Petition Date and the Leased Premises sits unused. Silver Star does not know how long utilities will remain on at the Leased Premises and whether the building will remain secure.

---

[1] Silver Star's predecessor in interest, Hartman Richardson Heights Properties, LLC, was the original landlord under the Lease. Hartman Richardson Heights Properties, LLC assigned the Lease to Silver Star in 2024 in connection with the chapter 11 restructuring of Silver Star's subsidiary. *See In re Hartman*, 23-11452 (Bankr. D. Del).

301097079v3

5. On April 11, 2024, the Debtor entered into a Purchase and Sale Agreement with a third party (the "**Buyer**") for the sale and conveyance of a tract of land in the City Richardson, Texas (the "**Property**") that encompasses the Leased Premises. Pursuant to the Purchase and Sale Agreement, the sale is scheduled to close on June 12, 2024, subject to an agreed extension. The Debtor's bankruptcy, however, has placed the sale in jeopardy and, unless the Trustee takes immediate action with respect to the Lease, Silver Star will likely lose the sale.

6. Since the Petition Date, and in order to salvage its sale, Silver Star has engaged in discussions with a third party that has expressed a desire to take over operations on the Leased Premises, including assumption of the Lease. With a replacement tenant in place, Silver Star can successfully close the sale. That party, though, is unable to commit to take over operations until the Chapter 7 Trustee decides how to address the Lease, which he can only do with the information that will be contained in the Debtor's Schedules.

7. Delay is the enemy. Not only because it jeopardizes Silver Star's pending sale to Buyer, but to the people and companies impacted by the Debtor's unexpected bankruptcy. The best result is to remove the Lease from the bankruptcy (either through rejection or assignment) so operations may recommence. Leaving the Leased Premises empty serves no valid business purpose. Moreover, due to the highly specialized nature of the Leased Premises, it is unlikely the Trustee will be able to find a replacement tenant other than that identified by Silver Star.

## **OBJECTION**

8. Bankruptcy Rule 1007(c) provides that "any extension of time for the filing of the [S]chedules and Statements . . . may be granted only on a motion for cause shown." FED. R. BANKR. P. 1007(c). The Debtor has not made a showing of "cause" and the harm to the creditors,

3

Silver Star in particular, substantially outweighs any burden on the Debtor to timely complete its Schedules.

9. The Debtor argues that it needs an extension of time to "thoroughly prepare the schedules" and that the additional time will result in accurate reporting of information. Extension Motion at ¶ 8. Based on news articles, the Debtor shut down its operations with little to no notice to employees, who are now likely without jobs. Permitting a third-party operator to take over the Leased Premises could save jobs and vendor relationships, but the longer the premises remains vacant, the less likely that is to occur.

10. While Silver Star appreciates that the Debtor may not have had sufficient time prior to the Petition Date to compile the necessary information to prepare the Schedules, it requests the Court to weigh the harm and prejudice that an extension of 13 days will cause Silver Star. Indeed, Silver Star and the Buyer entered into the Purchase and Sale Agreement in April 2024. Since then, the parties have been working quickly and diligently to close the sale on or before June 12, 2024. The Debtor's bankruptcy has placed that closing in jeopardy.

11. Counsel for Silver Star has conferred with the Chapter 7 Trustee regarding the Lease but was advised that the Trustee could not make a decision until the Schedules are filed. This puts Silver Star in a difficult position of, on the one hand, having to move things quickly with respect to its sale process and, on the other hand, waiting for the Debtor to file its Schedules and for the Trustee to make a decision regarding the Lease. This delay will undoubtedly jeopardize the sale of the Property and cause significant damage to Silver Star.

WHEREFORE, Silver Star respectfully requests that the Court deny the Debtor's Extension Motion and direct the Debtor to timely file its Schedules.

Dated: June 11, 2024                                  Respectfully submitted,

*/s/ Michaela C. Crocker*
Michaela C. Crocker, SBN: 24031985
**KATTEN MUCHIN ROSENMAN LLP**
2121 N. Pearl St., Suite 1100
Dallas, TX 75201
Telephone: (214) 765-3600
Facsimile: (214) 765-3602
Email: michaela.crocker@katten.com

**COUNSEL FOR SILVER STAR CRE II, LLC**

### CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2024, I caused a true and correct copy of the foregoing document to be served by the Court's Electronic Case Filing (ECF) System for the Unites States Bankruptcy Court for the Northern District of Texas.

*/s/ Michaela C. Crocker*
Michaela C. Crocker

301097079v3