John E. Mitchell, SBN: 00797095
Michaela Crocker, SBN: 24031985
Yelena Archiyan, SBN: 24119035
**KATTEN MUCHIN ROSENMAN LLP**
2121 N. Pearl St., Suite 1100
Dallas, TX 75201
Telephone: (214) 765-3600
Facsimile: (214) 765-3602
Email: john.mitchell@katten.com
Email: michaela.crocker@katten.com
Email: yelena.archiyan@katten.com

*Counsel for Silver Star CRE II, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| ICED TEA WITH LEMON, LLC | § | Case No. 24-41976 |
| | § | |
| Debtor. | § | |
| | § | |

**SILVER STAR CRE II, LLC'S *EMERGENCY* MOTION FOR RELIEF FROM STAY**

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(B), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 WEST TENTH STREET, FORT WORTH, TEXAS 76102 BEFORE CLOSE OF BUSINESS ON JUNE 27, 2024, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

Silver Star CRE II, LLC ("**Silver Star**"), a creditor of and landlord to Iced Tea with Lemon, LLC, the debtor in the above-captioned case (the "**Debtor**"), hereby moves (this "**Motion**") this

1

Court, pursuant to sections 362(d)(1) and (d)(2) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 4001-1 of the Local Bankruptcy Rules (the "**Local Bankruptcy Rules**") for entry of an order lifting the automatic stay to permit Silver Star to take any and all actions necessary to exercise its rights and remedies under the Lease, including terminating the Lease so that it may relet the Leased Premises to a third party and consummate the pending sale of the Shopping Center. In support of this Motion, Silver Star respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Silver Star moves for relief under 11 U.S.C. § 362(d)(1) and (d)(2), Bankruptcy Rule 4001(a), and Local Rule 4001-1.

## BACKGROUND

A. **Overview of the Bankruptcy Case**

4. On June 6, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code, initiating the above-captioned Chapter 7 case. Rodrick B. Newhouse (the "**Trustee**") was appointed Chapter 7 trustee of the Debtor's bankruptcy estate.

5. On June 7, 2024, the Court filed the *Notice of Deficiency* [Docket No. 6], requiring the Debtor to file its schedules A/B & D-H and statement of financial affairs (together, the "**Schedules**") by June 20, 2024.

6. On June 11, 2024, the Debtor filed its *Motion for Extension of Time for Filing Schedules and Statement of Financial Affairs* [Docket No. 10] (the "**Extension Motion**"),

2

301106543v2

requesting a 13-day extension to file the Schedules. [Docket No. 10]. The same day, Silver Star objected to the Extension Motion [Docket No. 11] (the "**Objection**") as both unnecessary and highly prejudicial to Silver Star, whose sale of the underlying real property is in jeopardy of falling through if the Trustee does not make a timely decision regarding the Lease. A hearing on the Extension Motion and Silver Star's Objection is scheduled for June 14, 2024. [Docket No. 14].

**B.    The Lease, the Pending Sale, and the Trustee's Inability to Provide Adequate Protection**

7. Prepetition, the Debtor and Silver Star[1] entered into an Entertainment Complex Lease dated June 26, 2012 (as amended, the "**Lease**" covering the "**Leased Premises**") whereby Silver Star agreed to lease to the Debtor space in a retail commercial complex owned by Silver Star that is located in Richardson, Texas, commonly known as the Richardson Heights Shopping Center (the "**Shopping Center**"). The Leased Premises includes a 29,800 square foot, stand-alone building constructed by Silver Star specifically for the Debtor's operation, as franchisee, of an Alamo Draft House Cinema.

8. Prepetition, on April 11, 2024, the Debtor entered into a Purchase and Sale Agreement with a third party (the "**Buyer**") for the sale and conveyance of the Shopping Center. Pursuant to the Purchase and Sale Agreement, the sale was scheduled to close on June 12, 2024; however, the Debtor filed for protection under Chapter 7 of the Bankruptcy Code on June 6, 2024, mere days before the scheduled closing. Despite being aware of the pending sale, including through Silver Star's request for a related estoppel certificate, the Debtor filed for bankruptcy with no notice to Silver Star and, upon information and belief, no notice to its vendors or employees.

---

[1] Silver Star's predecessor in interest, Hartman Richardson Heights Properties, LLC, was the original landlord under the Lease. Hartman Richardson Heights Properties, LLC assigned the Lease to Silver Star in 2024 in connection with the chapter 11 restructuring of Silver Star's subsidiary. *See In re Hartman*, 23-11452 (Bankr. D. Del).

9. Thereafter, on June 7, 2024, Silver Star received a letter (the "**Default Letter**") whereby Buyer (a) informed Silver Star of its election under the Purchase and Sale Agreement to extend the sale closing to one business day after the date on which Buyer receives all tenant estoppels required under the Purchase and Sale Agreement, not to exceed thirty (30) days after the current closing date and (b) asserted that the Debtor's bankruptcy filing caused a default under the Purchase and Sale Agreement.[2] The only outstanding estoppel certificate is that of the Debtor and Silver Star has no unilateral ability to further extend the closing date under the Purchase and Sale Agreement.

10. As reflected in the Default Letter, the Debtor's bankruptcy has placed the sale in jeopardy and, unless the Chapter 7 Trustee takes immediate action with respect to the Lease, Silver Star will continue to incur damages, as described below, and remains at substantial risk of losing the sale.

11. Since the Petition Date, and in order to salvage its sale, Silver Star has engaged in discussions with a third party that has expressed a desire to take over operations on the Leased Premises on a timely basis, including assumption of the Lease or entry into a new lease if the Lease is rejected. With a replacement tenant in place, Silver Star can successfully close the sale and operations may recommence on the Leased Premises.

12. Each day beyond June 12, 2024 without a sale closing results in substantial damages to Silver Star, including $15,516 in per diem interest charges under its secured loan facility due to an inability to apply sale proceeds to pay down the loan.

---

[2] A true and correct copy of the June 7, 2024 letter is attached as Exhibit 1 to the Declaration of *David Wheeler in Support of Silver Star CRE, II, LLC's Motion for Relief from Stay* (the "**Wheeler Declaration**"), which is attached hereto as Exhibit A.

13. During this time, rent also continues to accrue. The Debtor has not paid rent since March 2024 and, as of the Petition Date, was approximately $176,000 in arrears on rent. The next monthly rent payment in the amount of $71,000 is payable on July 1, 2024. However, as reflected in an email from the Trustee to David Wheeler dated June 11, 2023, the Trustee has no ability to pay postpetition rent.[3]

14. Due to a lack of funds, the Trustee is also unable to secure the Leased Premises and, as reflected in the June 11 email, has requested that Silver Star change the locks on the Leased Premises at its own expense and supply a set of keys to the Trustee. Silver Star has agreed to do so, at an estimated cost $500 to $600. In addition, since the property is vacant, Silver Star has hired 24-hour security to guard the Leased Premises from vandalism and theft at an approximate cost of $900 per day. Despite these efforts, there was an apparent break-in at the Leased Premises the evening of June 12/morning of June 13, 2024, which was reported by an adjacent tenant who found the backdoor to the Leased Premises open. The police and Trustee have been notified and Silver Star continues to evaluate the situation.

15. Silver Star has also received complaints from adjoining tenants regarding a smell emanating from the Leased Premises, which Silver Star assumes is related to rotting food in the restaurant. Silver Star is working with the Trustee to gain access to the building to remedy the situation, again at its own cost. And, although the Leased Premises currently has electrical service, the Trustee has no means to pay for utilities. A loss of electricity and refrigeration would exasperate this situation, as well as place the Leased Premises at an even greater risk of break-in.

---

[3] A true and correct copy of the email is attached as Exhibit 2 to the Wheeler Declaration.

## RELIEF REQUESTED

16. By this Motion, Silver Star moves for entry of an order pursuant to sections 362(d)(1) and (d)(2) of the Bankruptcy Code immediately lifting the automatic stay to allow it to take any and all actions necessary to exercise its rights and remedies under the Lease, including terminating the Lease so that it may relet the Leased Premises to a third party and consummate the pending sale of the Shopping Center

## BASIS FOR RELIEF REQUESTED

17. Pursuant to section 362(d) of the Bankruptcy Code:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . such as by terminating, annulling, modifying, or conditioning such stay —
>
> (1) for cause, including lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property . . . , if—
>
>> (A) the debtor does not have an equity in such property; and
>>
>> (B) such property is not necessary to an effective reorganization . . .

11 U.S.C. § 362(d).

18. Accordingly, under section 362(d) of the Bankruptcy Code, a creditor may obtain relief from the stay (i) for "cause" including the lack of adequate protection of the creditor's interest or (ii) when the debtor has no equity in the property and the property is not necessary to an effective reorganization that is in prospect. *See* 11 U.S.C. § 362(d); *see also United States Savings Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375-76 (1988). Here, entry of an order granting relief from the stay under section 362(d) of the Bankruptcy Code is appropriate under both subsections.

A. **The Trustee Has No Means to Adequately Protect Silver Star's Interests in the Leased Property, Constituting Cause to Lift the Automatic Stay**

19. As set forth above, relief from the automatic stay is appropriate "for cause, including the lack of adequate protection of an interest in property." 11 U.S.C. § 362(d)(1). "A debtor's failure to make payments constitutes cause for granting a motion for relief from stay." *Marable v. Bank of New York Mellon*, 557 B.R. 521, 526 (E.D. Tex. 2016) (citing *In re Hernandez*, No. 11-31893, 2011 WL 2515980 (Bankr. S.D. Tex. June 22, 2011)). In addition, a debtor is entitled to be protected or compensated with regard to any diminution of its property interest occasioned by the automatic stay. 11 U.S.C. § 361; *In re Holly's Inc.*, 140 B.R. 643, 696 (Bankr. W.D. Mich. 1992) ("Failure to protect [creditor], or compensate [creditor], for possible diminution of its property rights constitutes lack of adequate protection and expressly requires modification of the automatic stay.").

20. As reflected in the June 11 email, the Trustee has no access to funds, no ability to pay postpetition rent, utilities or insurance, and no means to adequately secure the property or prevent further break-ins. To help mitigate its damages, Silver Star, at the Trustee's request, is changing the locks on the Leased Premises at its own expense. In addition, Silver Star is incurring costs of approximately $900 per day for 24-hour security to guard the property and is working with the Trustee to gain access to the premises to address a smell emanating from the Leased Premises that is presumably the result of rotting food in the restaurant. The Trustee's lack of funds to pay postpetition rent or utilities, secure the property, and take steps to prevent future damages, coupled with the failure to indicate how to intends to adequately protect the property in light of these failures, constitutes cause to lift the automatic stay under section 362(d)(1) of the Bankruptcy Code.

301106543v2

21. Perhaps most importantly, Silver Star's pending sale to Buyer adds significant value to Silver Star's property interests. That value is in immediate jeopardy due to the filing of the Chapter 7 case and the imposition of the automatic stay. The sale is on the cusp of closing. Silver Star is entitled to adequate protection of any diminution of that value, should the sale be lost. Under section 361 of the Bankruptcy Code, the Trustee is required to make cash payments, grant replacement liens, or provide other indubitable equivalents of protection. A failed sale will likely cost Silver Star millions in lost value and damages, with the Trustee unable to meet any of the requirements of the Bankruptcy Code.

B. **The Trustee Lacks Equity in the Leased Premises and the Leased Premises is Not Necessary for an Effective Reorganization, Constituting Cause to Lift the Automatic Stay**

22. Pursuant to section 362(d)(2) of the Bankruptcy Code, relief from the automatic stay *must* be granted if (i) the debtor lacks equity in property and (ii) such property is not necessary for an effective reorganization. 11 U.S.C. § 362(d)(2).

23. Taking these requirements in reverse order, the Debtor filed for relief under Chapter 7 of the Bankruptcy Code. Accordingly, this is a liquidating case and there will be no attempt at reorganization.

24. Second, because the Debtor is merely a tenant of the Leased Premises, neither the Debtor nor the Trustee has equity in the Leased Premises. Moreover, as discussed above, the Debtor is approximately $176,000 in arrears on prepetition rent and the Trustee has no ability to pay postpetition rent, including $71,000 due July 1, 2024. Accordingly, Silver Star has met it burden under section 362(g) of the Bankruptcy Code.

301106543v2

## WAIVER OF STAY UNDER RULE 4001

25. Finally, for all the reasons set forth above and in the Wheeler Declaration, and notwithstanding Bankruptcy Rules 4001(a)(3), grounds exist for any order lifting the automatic stay pursuant to this Motion to be effective immediately.

**WHEREFORE**, Silver Star respectfully requests that the Court enter an order (i) lifting the automatic stay immediately to permit Silver Star to take any and all actions necessary to exercise its rights and remedies under the Lease, including terminating the Lease so that it may relet the Leased Premises to a third party and consummate the pending sale of the Shopping Center and (ii) granting such other and further relief as this Court deems just and appropriate.

Dated: June 13, 2024                    Respectfully submitted,

*/s/ Michaela Crocker*
**KATTEN MUCHIN ROSENMAN LLP**
John E. Mitchell, SBN: 00797095
Michaela Crocker, SBN: 24031985
Yelena Archiyan, SBN: 24119035
2121 N. Pearl St., Suite 1100
Dallas, TX 75201
Telephone: (214) 765-3600
Facsimile: (214) 765-3602
Email: john.mitchell@katten.com
Email: michaela.crocker@katten.com
Email: yelena.archiyan@katten.com

**COUNSEL FOR SILVER STAR CRE II, LLC**

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred via email and telephone with Roddrick Newhouse, Chapter 7 Trustee, regarding the relief sought in this Motion, and the parties have been unable to reach an agreement as to the relief sought herein. Accordingly, Silver Star submits this Motion to the Court.

*/s/ Michaela Crocker*
Michaela Crocker

301106543v2

## CERTIFICATE OF SERVICE

      I hereby certify that on June 13, 2024, a true and correct copy of the foregoing Motion was filed with the Court and served via the Court's Electronic Case Filing (ECF) System upon all parties receiving such service in this bankruptcy case.

                                          */s/ Michaela Crocker*
                                          Michaela Crocker

301106543v2