## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| | § | |
| Iced Tea with Lemon, LLC, | § | Case No. 24-41976 |
| | § | |
| Debtors. | § | |
| | § | |
| | § | |

### ALAMO INTERMEDIATE II HOLDINGS, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO TERMINATE FRANCHISE AGREEMENT

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 WEST TENTH STREET, ROOM 147, FORT WORTH, TX 76102 IN COMPLIANCE WITH THE ORDER ENTERED BY THE COURT IN RESPONSE TO THE MOTION FOR EXPEDITED CONSIDERATION OF THIS MOTION FILED CONTEMPORANEOUS WITH THIS MOTION. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

Alamo Intermediate II Holdings, LLC (together with certain of its affiliates and subsidiaries, "**Alamo**"), pursuant to 11 U.S.C. §§ 105(a) and 362 and Rule 4001 of the Federal Rules of Bankruptcy Procedure ("**FRBP**"), hereby files this motion for relief from the automatic stay (the "**Motion**"), respectfully requesting the entry of an order granting Alamo relief from the automatic stay: (i) to allow Alamo to terminate its franchise agreement with Iced Tea with Lemon, LLC (the "**Debtor**"); (ii) waiving the provision of FRBP 4001(a)(3); and (iii) for such other and further relief as the Court may order.  In support of the Motion, Alamo relies on the Affidavit of Chris Drazba filed contemporaneously, and respectfully states as follows:

1

## INTRODUCTION

1.      Alamo, as owner-operator of the Alamo Drafthouse Cinema chain of movie theaters, and franchisor for the cinema previously operated by the Debtor at 100 South Central Expressway, #14, Richardson Texas 75080 (the "**Richardson Venue**"), seeks the emergency lifting of the automatic stay so that Alamo can exercise its contractual right to terminate the Franchise Agreement, dated December 8, 2010 (attached as Exhibit A to the Declaration of Chris Drazba, the "**Franchise Agreement**") with the Debtor.

2.      Alamo intends on reopening and operating the Richardson Venue directly (and not through another franchise arrangement), and is the only entity that could in fact do so in a manner that preserves jobs and maximizes value. The termination of the Franchise Agreement is a crucial step towards reopening the Richardson Venue. Prior to the filing of its bankruptcy case, the Debtor was in default under the Franchise Agreement. Moreover, the Debtor has ceased operations, and the Trustee cannot operate the Richardson Venue.  Alamo needs to be able to exercise its contractual remedies and terminate the Franchise Agreement in order to restart operations.

3.      On June 6, 2024, with virtually no notice to Alamo, the Debtor filed its bankruptcy case[1] and immediately terminated its business operations. These actions left the Richardson Venue in abject disarray: loyal employees were dismissed without compensation; food left to spoil; premises left open to trespassers and potential looters (which the Trustee and landlord apparently remedied); and all constituencies left scrambling for emergency solutions.

4.      To that end, immediately following the closure of the Richardson Venue, Alamo began coordinating with the Debtor, trustee appointed in this case (the "**Trustee**") and other constituents, including landlords and lienholders, on a constructive pathway to expeditiously

---

[1] Contemporaneously with the filing of the Debtors chapter 7 case, six of the Debtor's affiliates filed their own respective chapter 7 petitions: *In re: Cinco Peliculas, LLC*, Case No. 24-41978; *In re: Tres Peliculas, LLC*, Case No. 24-41977; *In re: Seis Peliculas, LLC*, Case No. 24-41979; *In re: Woodbury Alamo*, LLC, Case No. 24-41980; *In re: Dos Peliculas, LLC*, Case No. 24-41981; *In re: Two is One, One is None, LLC*, Case No. 24-41982.  Five of those debtors are also franchise Alamo Drafthouse locations, which Alamo will also seek to resuscitate and rehabilitate and which will be subject to further discussions with the applicable trustees, landlords and lienholders.

reopen the Richardson Venue and bring its employees back to work.

5.      As explained herein, lifting the automatic stay to permit termination of the Franchise

Agreement is the best and most efficient pathway for saving the Richardson Venue. Such relief will

not prejudice any parties.  The Franchise Agreement is valueless to the estate, as pursuant to black

letter law it cannot be assigned absent consent, and Alamo will not consent to any assignment.

Moreover, time is of the essence here and the longer the Richardson Venue stays dormant, the

greater the risk that the closure becomes permanent and the related jobs lost forever. Accordingly,

Alamo respectfully asks that the relief be granted.

## JURISDICTION

6.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief

sought by the Motion are Section 362 of title 11 of the United States Code and Rule 4001 of the

Federal Rules of Bankruptcy Procedure.

## RELIEF REQUESTED

7.      Alamo requests the entry of an order granting it relief from the automatic stay: (i) to

allow Alamo to exercise its rights and remedies under, and provided by, the Franchise Agreement;

(ii) waiving the provision of FRBP 4001(a)(3); and (iii) for such other and further relief as the

Court may order.

## BASIS FOR REQUESTED RELIEF

8.      Section 362(d) provides that:

(d) On request of a party in interest and after notice and a hearing, the court shall
grant relief from the stay provided under subsection (a) of this section, such as by
terminating, annulling, modifying, or conditioning such stay—

> (1) for cause, including the lack of adequate protection of an interest in
> property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of
> this section, if—
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization[.]

3

11 U.S.C. § 362(d)(1).

9.     "Cause" under § 362(d) is "a term not defined in the statute so as to afford flexibility to the bankruptcy courts."  *In re Little Creek Dev. Co*., 779 F.2d 1068, 1072 (5th Cir. 1986). The determination of "cause" is therefore analyzed on a case-by-case basis based on an examination of the totality of the circumstances. *In re JCP Props.*, 540 B.R. 596, 613 (Bankr. S.D. Tex. 2015). Cause is an "intentionally broad and flexible concept that permits the Bankruptcy Court, as a court of equity, to respond to inherently fact-sensitive situations." *In re Futures Equity LLC*, 2001 Bankr. LEXIS 2229 at *46 (Bankr. N.D. Tex. Apr. 11, 2001).

10.     Lack of adequate protection of an interest in property (such as the rights accruing under the Franchise Agreement) constitutes "cause" under Section 362(d)(1). 11 U.S.C. § 362(d)(1). *See also In re Valdez*, 324 B.R. 296 (Bankr. S.D. Tex. 2005) ("Section 362(d)(1) states that the stay may be lifted 'for cause, including the lack of adequate protection of an interest in property of such party in interest'"). The party opposing relief from stay bears the burden of proof on adequate protection. 11 U.S.C. § 362(g).

11.     Further, Bankruptcy Code Section 365(c)(1) provides that an executory contract may not be assumed or assigned if:

(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor or the debtor in possession, whether or not such contract or lease  prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment.

11 U.S.C. § 365(c)(1).

12.     The Franchise Agreement grants the Debtor a nonexclusive trademark license for the establishment and operating of the Richardson Venue, and therefore affords Alamo the trademark protections of the Lanham Act. See 15 U.S.C. §§ 1114(1) & 1125(a). The Lanham Act allows trademark owners to sue unauthorized trademark users, as trademark licenses are "personal and unassignable without consent of the licensor." *N.C.P. Mktg. Grp., Inc. v. Blanks (In re N.C.P.*

4

*Mktg. Grp., Inc.*), 337 B.R. 230, 235 (D. Nev. 2005), aff'd, 279 F. App'x 561 (9th Cir. 2008). "[T]he universal rule is that trademark licenses are not assignable in the absence of a clause expressly authorizing assignment." *In re XMH Corp.*, 647 F.3d 690, 695 (7th Cir. 2011) (citing *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (per curiam); *In re N.C.P. Mktg. Grp., Inc.*, 337 B.R. at 235–36; 3 MCCARTHY ON TRADEMARKS § 18:43, at 18-92–18-93 (4th ed. 2010)).

13.     Here, Bankruptcy Code Section 362(d) is satisfied as the Debtor has no value in the Franchise Agreement. As noted herein, the Debtor has ceased operating and is unable to reopen the Richardson Venue.  The Trustee cannot assign the Franchise Agreement without Alamo's consent, which Alamo will not grant. As such, the estate has no equity or value in the Franchise Agreement, which means it has no interest. *See e.g. Cage v. Wyo-Ben, Inc. (In re Ramba Inc.*), 437 F.3d 457, 461 (5th Cir. 2006) (holding that because debtor had no equity in the collateral, the debtor "had no interest in the transferred property other than bare legal title.") It is also property that is not necessary to an effective reorganization. Accordingly, the requested relief is reasonable, necessary and consistent with the requirements of the Bankruptcy Code.

## **WAIVER OF STAY**

14.     Alamo also requests that the Court waive the 14-day stay of the order granting relief from the automatic stay under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.  As set forth herein, granting the Motion will have no effect on the Debtor's estate or a possible return to creditors, because Alamo will not consent to assigning Debtor's rights under the Franchise Agreement. 11 U.S.C.  § 365(d) and (e). Absent Alamo's consent, there is no ability for the Trustee to monetize the Franchise Agreement. There is therefore no cause for delay in the relief sought, and Alamo respectfully requests that the Court waive the provisions of FRBP 4001(a)(3).

## CONCLUSION

15.     For the reasons stated above, Alamo respectfully requests that the Court enter an

order modifying the automatic stay: (i) to allow Alamo to terminate the Franchise Agreement; (ii)

waiving the provision of FRBP 4001(a)(3); and (iii) granting such other and further relief as the

Court may order.

DATED:  June 14, 2024                    Respectfully submitted,

                                        /s/ *Jared M. Slade*
                                        Jared M. Slade
                                        Texas State Bar No. 24060618
                                        **ALSTON & BIRD LLP**
                                        Chase Tower
                                        2200 Ross Avenue
                                        Dallas, TX 75201
                                        Telephone: (214) 922-3400
                                        Facsimile: (214) 9223899
                                        Email: jared.slade@alston.com

                                        And

                                        Leib M. Lerner
                                        California State Bar No. 227323
                                        **ALSTON & BIRD LLP**
                                        350 South Grand Avenue, 51st Floor
                                        Los Angeles, California 90071
                                        Telephone: (213) 576-1000
                                        Facsimile: (213) 576-1100
                                        Email: leib.lerner@alston.com
                                        *Admitted Pro Hac Vice*

                                        And

                                        Stephen M. Blank
                                        New York Bar No. 227323
                                        **ALSTON & BIRD LLP**
                                        90 Park Avenue
                                        New York, NY 10016-1387
                                        Telephone: (212) 210-9400
                                        Facsimile: (212) 210-9444fstephen
                                        Email: Stephen.blank@alston.com
                                        *Pro Hac Vice Application to be filed*

                                        *Attorneys for Alamo Intermediate II Holdings, LLC*

## **CERTIFICATE OF CONFERENCE**

     I hereby certify that I conferred with counsel for Debtor on the foregoing Motion pursuant to L.B.R. 9014-1(d)(1). Debtor informed me that Debtor does not take a position on the rejection of the Franchise Agreement. I also attempted to confer with the Trustee several times, both by phone and by email, before the filing of this Motion but have not heard back. However, I will continue my attempts to confer with the Trustee.

     DATED:  June 14, 2024

                                     */s/ Leib M. Lerner*
                                     Leib M. Lerner

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above *Alamo Intermediate II Holdings, LLC's Motion for Relief from the Automatic Stay to Terminate Franchise Agreement* has been served by the Court's Electronic Case Filing (ECF) System, and upon the parties listed below via U.S. first class mail.

*Debtor*
Woodbury Alamo, LLC
320 W. Las Colinas Blvd., Bldg. 2
Irving, TX 75039

*Attorneys for Debtor*
Polsinelli PC
Katherine Devanney
222 Delaware Ave., Suite 1101
Wilmington, DE 19801

*U.S. Trustee*
United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75202

*Trustee*
Roddrick Breon Newhouse
401 Century Pkwy, Unit 715
Allen, TX 75013

*Attorney for Creditor Dallas County*
Linebarger Goggan Blair & Sampson, LLP
2777 N. Stemmons Freeway, Suite 1000
Dallas, TX 75207

*Attorney for Creditor Origin Bank*
Cliff A. Wade
Chelsea L. Futrell
BAKER LOPEZ
5728 LBJ Freeway, Suite 150
Dallas, Texas 75240

*/s/ Jared M. Slade*
Jared M. Slade