John E. Mitchell, SBN: 00797095
Michaela Crocker, SBN: 24031985
Yelena Archiyan, SBN: 24119035
**KATTEN MUCHIN ROSENMAN LLP**
2121 N. Pearl St., Suite 1100
Dallas, TX 75201
Telephone: (214) 765-3600
Facsimile: (214) 765-3602
Email: john.mitchell@katten.com
Email: michaela.crocker@katten.com
Email: yelena.archiyan@katten.com

*Counsel for Silver Star CRE II, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| ICED TEA WITH LEMON, LLC | § | Case No. 24-41976 |
| | § | |
| Debtor. | § | |
| | § | |

**NOTICE OF SERVICE OF SUBPOENA**

**TO:** Roddrick Newhouse
Chapter 7 Trustee
401 Century Parkway, Unit 715
Allen, Texas 75013
Rn7trustee@gmail.com

**PLEASE TAKE NOTICE** that pursuant to Rule 45 of the Federal Rules of Civil Procedure and Rule 9016 of the Federal Rules of Bankruptcy Procedure, notice is hereby given that Silver Star CRE II, LLC ("Silver Star") will serve a Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case (the "Subpoena") upon Roddrick Newhouse. Attached hereto as **Exhibit 1** is a copy of the Subpoena. Counsel for Silver Star intends to serve the attached Subpoena by the close of business on June 17, 2024.

1

301122905v2

The Subpoena requires Mr. Newhouse to appear and testify at the hearing scheduled to be held on June 21, 2024 at 9:30 a.m. (CST).

Dated: June 17, 2024

Respectfully submitted,

*/s/ Michaela Crocker*
**KATTEN MUCHIN ROSENMAN LLP**
John E. Mitchell, SBN: 00797095
Michaela Crocker, SBN: 24031985
Yelena Archiyan, SBN: 24119035
2121 N. Pearl St., Suite 1100
Dallas, TX 75201
Telephone: (214) 765-3600
Facsimile: (214) 765-3602
Email: john.mitchell@katten.com
Email: michaela.crocker@katten.com
Email: yelena.archiyan@katten.com

**COUNSEL FOR SILVER STAR CRE II, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2024, a true and correct copy of the foregoing document was served via electronic mail, as indicated on the attached service list, or U.S. Mail, postage prepaid, where no electronic mail address is available, on the following:

301122905v2

Roddrick Newhouse
Chapter 7 Trustee
401 Century Parkway, Unit 715
Allen, Texas 75013
Rn7trustee@gmail.com


Iced Tea with Lemon, LLC
320 W. Las Colinas Blvd.
Bldg. 2
Irving, TX 75039


Iced Tea with Lemon, LLC d/b/a
Alamo Draft House Cinema
4807 Wellington Ct
Temple, TX 76502
Attn.: William DiGaetano


Alamo Draft House Cinemas, LLC
3908 Avenue B
Austin, TX 78751


Stephen M. Blank
Alston & Bird, LLP
90 Park Avenue
New York, NY 10016
Stephen.blank@alston.com


Leib M. Lerner
Alston & Bird LLP
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
leib.lerner@alston.com


Jared M. Slade
Alston & Bird, LLP
2200 Ross Avenue
Suite 2300
Dallas, TX 75201
jared.slade@alston.com

Katherine Devanney
Polsinelli PC
222 Delaware Ave., Suite 1101
Wilmington, DE 19801
kdevanney@polsinelli.com


Elizabeth Frances Hayes
Polsinelli PC
2950 N. Harwood Street
Suite 2100
Dallas, TX 75201
ehayes@polsinelli.com


Andrew J. Nazar
Polsinelli PC
900 West 48th Place, Suite 900
Kansas City, MO 64112
anazar@polsinelli.com


 

*/s/ Michaela Crocker*
        Michaela Crocker

3

301122905v2

# EXHIBIT 1

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__NORTHERN DISTRICT__ District of __TEXAS__

In re __ICED TEA WITH LEMON, LLC__
　　　　　Debtor

Case No. __24-41976__

Chapter __7__

*(Complete if issued in an adversary proceeding)*

_____
　　　　　Plaintiff

v.

_____
　　　　　Defendant

Adv. Proc. No. _____

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Roddrick Newhouse, Ch. 7 Trustee, 401 Century Pkwy, Ste. 715, Allen, TX 75013
*(Name of person to whom the subpoena is directed)*

[X] **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE Eldon B. Mahon U.S. Courthouse<br>501 W. Tenth Street<br>Fort Worth, Texas 76102<br>Via in person or via telephonic/video conference | COURTROOM Room 206 |
|---|---|
| | DATE AND TIME<br>June 21, 2024 at 9:30 a.m. |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

---

　　The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __June 17, 2024__

CLERK OF COURT

　　　　　　　　　　　　　　　　　　　　OR

_____　　　　__/s/ Michaela Crocker__
*Signature of Clerk or Deputy Clerk*　　　　　*Attorney's signature*

---

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Silver Star CRE II, LLC__, who issues or requests this subpoena, are:
Michaela Crocker, John E. Mitchell, Yelena Archiyan, Katten Muchin Rosenman, LLP, 2121 N. Pearl St., Suite 1100, Dallas, TX 75201, michaela.crocker@katten.com, john.mitchell@katten.com, yelena.archiyan@katten.com, (214)765-3600

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 24-41976-elm7    Doc 36    Filed 06/17/24    Entered 06/17/24 17:19:14    Desc Main
Document    Page 6 of 7

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

    I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

 *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

 *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)