**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| In re: | § | Chapter 7 |
|---|---|---|
| Iced Tea with Lemon, LLC, | § § § | Case No. 24-41976 (ELM) |
| Debtor. | § § | |
| In re: | § | Chapter 7 |
| Tres Peliculas, LLC, | § § § | Case No. 24-41977 (MXM) |
| Debtor. | § § | |
| In re: | § | Chapter 7 |
| Cinco Peliculas, LLC, | § § § | Case No. 24-41978 (MXM) |
| Debtor. | § § | |
| In re: | § | Chapter 7 |
| Seis Peliculas, LLC, | § § § | Case No. 24-41979 (ELM) |
| Debtor. | § § | |
| In re: | § | Chapter 7 |
| Woodbury Alamo, LLC, | § § § | Case No. 24-41980 (ELM) |
| Debtor. | § § | |

1

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| Dos Peliculas, LLC, | § | Case No. 24-41981 (ELM) |
| | § | |
| Debtor. | § | |

**ORDER GRANTING TRUSTEES' JOINT EMERGENCY MOTION FOR
AUTHORITY TO SELL PROPERTY OF THE ESTATE FREE
AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES AND PROVIDE FOR THE
ASSUMPTION & ASSIGNMENT OF EXECUTORY CONTRACTS AND
<u>UNEXPIRED LEASES</u>**

Upon the *Trustees' Emergency Motion for Authority to Sell Property of the Estate Free and Clear of Liens, Claims, and Encumbrances* (the "**Motion**") filed by Roddrick Breon Newhouse, Chapter 7 Trustee for the bankruptcy estates of Iced Tea with Lemon, LLC, Tres Peliculas, LLC, Seis Peliculas, LLC, and Woodbury Alamo, LLC; Behrooz P. Vida, Chapter 7 Trustee for the bankruptcy estate of Cinco Peliculas, LLC; and Marilyn D. Garner, Chapter 7 Trustee for the bankruptcy estate of Dos Peliculas, LLC (each, a "**Trustee**" and collectively, the "**Trustees**") for entry of any order authorizing or approving, among other things, (i) the sales of the assets of Iced Tea with Lemon, LLC; Tres Peliculas, LLC; Cinco Peliculas, LLC; Seis Peliculas, LLC; Woodbury Alamo, LLC; and Dos Peliculas, LLC, (each a "**Debtor**" and collectively, the "**Debtors**") free and clear of all liens, claims, encumbrances, and other interests (except certain permitted encumbrances and/or assumed liabilities as determined by the Sellers and Alamo Intermediate II Holdings, LLC (together with certain of its affiliates and permitted assigns, "**Buyer**"), (ii) the Trustees to assume and assign to Buyer certain executory contracts and unexpired leases, and (iii) related relief; and the Trustees having identified the offer by Buyer as the highest and otherwise best offer for the Acquired Assets; and the Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided under the circumstances, and that, except as otherwise ordered herein, no other or further notice is necessary; and any objections (if any) to the Motion having been withdrawn or overruled on the merits; and a hearing on the Motion (the "**Sale Hearing**") having been held to consider the relief requested in the Motion and to review and consider (i) the Motion and the exhibits thereto, and (ii) the asset purchase agreement, dated as of June 25, 2024, by and among the Trustees and Buyer, a

2

copy of which is attached hereto as <u>Exhibit 1</u> (together with any schedules and exhibits thereto, the "**APA**")[1] whereby the Trustees have agreed, among other things, to sell the Acquired Assets (as defined in the APA) to Buyer on the terms and conditions set forth in the APA (collectively, the "**Sale**"); and upon the record of the Sale Hearing, all of the proceedings had before the Court, and all other pleadings in these chapter 7 cases, including this Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is **GRANTED** in all respects;

2. All objections, reservations of rights regarding, or other responses to, the Motion or the relief requested therein, the APA, the Sale, entry of this Order, or the relief granted herein, including, without limitation, any objections to Cure Costs or relating to the cure of any defaults under any of the Designated Contracts or the assumption and assignment of any of the Designated Contracts to the Buyer by the Trustees, solely as it relates to the relief granted by this Order that have not been adjourned, withdrawn or resolved as reflected on the record at the Sale Hearing are overruled in all respects on the merits with prejudice, except as otherwise set forth herein. All parties that failed to timely object to the Motion are deemed to have consented to the relief granted herein for all purposes.

3. Notice of the Motion, the Sale Hearing, the APA, and the relief granted in this Order was fair, sufficient, proper and equitable under the circumstances.

4. The sale of the Acquired Assets to Buyer on the terms and conditions set forth in the APA is approved;

5. The APA and the Sale, including, without limitation, all transactions contemplated therein or in connection therewith and all of the terms and conditions thereof, are hereby approved in their entirety, subject to the terms and conditions of this Order. The failure specifically to

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the APA or the Motion, as applicable.

3

include or make reference to any particular provision of the APA in this Order shall not impair the effectiveness of such provision, it being the intent of the Court that the APA, the Sale and the transactions contemplated therein or in connection therewith are authorized and approved in their entirety.

6.  The Buyer is giving substantial consideration under the APA, and as provided herein, for the benefit of the respective bankruptcy estates of each of the Debtors. The consideration provided by the Buyer for the Acquired Assets under the APA shall be deemed for all purposes to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law, and the sale of the Acquired Assets may not be avoided, or costs or damages imposed or awarded under Bankruptcy Code section 363(n) or any other provision of the Bankruptcy Code, the Uniform Voidable Transactions Act, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, or any other similar federal or state laws.

7.  The Trustees have demonstrated that their entry into the APA is supported by good, sufficient and sound business reasons. A sale of the Acquired Assets, including the assignment of the Designated Contracts, will maximize the value of the Debtors' estates and represents a reasonable exercise of the Debtors' sound business judgment. The Trustees determined that the APA constitutes the highest and otherwise best offer for the Acquired Assets, and pursuant to the terms and conditions of the APA, the Trustees have agreed to transfer to Buyer all of the bankruptcy estates' right, title and interest in and to the Acquired Assets, free and clear of all liens, claims, encumbrances, or other interests, and, to assume and assign the Designated Contracts to Buyer subject to the terms and conditions of the APA and this Order, and such determination is a valid and sound exercise of the Trustees' business judgment.

8.  Pursuant to sections 105, 363 and 365 of the Bankruptcy Code, the Trustees are authorized to perform their obligations under and comply with the terms of the APA, pursuant to and in accordance with the terms and conditions of the APA and this Order. The Trustees and Buyer, as well as their affiliates, officers, employees and agents, are authorized to execute and deliver, and empowered to perform under, consummate and implement, the APA, together with all

additional instruments and documents that may be reasonably necessary or desirable to implement the APA and the Sale, and to take all further actions and execute such other documents as may be (a) necessary or appropriate to the performance of the obligations contemplated by the APA, and (b) as may be reasonably requested by Buyer to implement the APA and the Sale, in accordance with the terms thereof, without further order of the Court. The Buyer shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its rights or remedies under the APA or any other Sale-related document.

9. Except as otherwise set forth in this Order, effective as of the consummation of the Sale at Closing, pursuant to sections 105(a), 363(b), 363(f), 365(b) and 365(f) of the Bankruptcy Code, the Sale of the Acquired Assets to Buyer shall (a) constitute a legal, valid and effective transfer of all of Debtors' right, title and interest in and to such Acquired Assets subject to and in accordance with the APA, and (b) vest Buyer with all of the bankruptcy estates' right, title and interest in and to such Acquired Assets free and clear of all liens, claims, encumbrances, or other interests, with any such valid pre-petition liens shall attach to the post-sale Cash Component to the same extent and priority as existed pre-petition. Allocation of the Cash Component will be subject to further Court approval on a separate motion by the Trustees. The provisions of this Order authorizing the Sale of the Acquired Assets free and clear of all liens, claims, encumbrances, or other interests upon the consummation of the Sale at Closing, except as otherwise expressly set forth in this Order, shall be self-executing, and neither the Trustees nor the Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Order. If any entity which has filed a financing statement, mortgage, mechanic's lien, *lis pendens,* or other statement, document, or agreement evidencing any liens on, or in, all or any portion of the Acquired Assets has not delivered to the Debtors prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases, and/or any other documents necessary for the purpose of documenting the release and/or termination of all liens which the entity has or may assert with respect to all or any portion of the Acquired Assets, then, upon consummation of the Sale at Closing, (a) the Trustees and the Buyer are hereby

5

authorized to execute and file such statements, instruments, releases, and/or other similar documents on behalf of such entity with respect to the Acquired Assets, and (b) the Buyer is hereby authorized to file, register, or otherwise record a certified copy of this Order that, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release and/or termination of all liens of any kind or nature against or in the Acquired Assets.

10. Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the sale and transfer of the Debtors' right, title and interest in the Acquired Assets to the Buyer upon the consummation of the Sale at Closing pursuant to the APA are a legal, valid, and effective disposition of the Acquired Assets, and vest the Buyer with all right, title, and interest of the bankruptcy estates to and in the Acquired Assets free and clear of all liens, claims, encumbrances, or other interests. The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full, and, upon the consummation of the Sale at Closing, the Trustees' sale of the Acquired Assets shall be free and clear of any liens, claims, encumbrances, or other interests.

11. On the Closing Date and upon consummation of the Sale, each of the bankruptcy estates' creditors is authorized to execute such documents and take all other actions as may be reasonably necessary to release its liens or other interests in the Acquired Assets, if any, as such liens may have been recorded or may otherwise exist.

12. Neither the Buyer, nor any of its successors or assigns, or any of their respective affiliates shall have any liability for any lien, claim, or encumbrance that arose or occurred prior to the Closing, or that otherwise may be asserted against the Debtors, the Debtors' estates or is related to the Acquired Assets prior to the Closing.  The Buyer (i) is not and shall not be deemed a "successor" to the Debtors or their estates; (ii) has not, *de facto* or otherwise, merged with or into the Debtors or their estates; (iii) does not have any common law or successor liability in relation to any employment plans; (iv) is not liable for any liability or lien against the Debtors or any of the Debtors' predecessors or affiliates or the Debtors' estates; and (v) is not an alter ego or mere continuation or substantial continuation of the Debtors, the enterprises of the Debtors or the Debtors' estates under any theory of law or equity as a result of any action taken in connection with the APA, the Sale or any transactions or documents ancillary thereto or contemplated thereby or in

connection with the acquisition of the Acquired Assets. Thus, the Buyer shall have no successor, transferee, or vicarious liability of any kind or character, including, but not limited to, under any theory of foreign, federal, state, or local antitrust, environmental, successor, tax, ERISA, assignee, or transferee liability, labor, product liability, employment including but not limited to with respect to any Multiemployer Plan), *de facto* merger, substantial continuity, or other law, rule, or regulation, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, liquidated or unliquidated with respect to the Acquired Assets, the Debtors, the Debtors' estates or any obligations of the Debtors or the Debtors' estates arising prior to the Closing Date. The Buyer shall not be deemed to have expressly or implicitly assumed any of the Debtors' or Debtors' estates' liabilities. Except as otherwise provided herein or in the APA, the transfer of the Acquired Assets to the Buyer pursuant to the APA shall not result in the Buyer or the Acquired Assets having any liability or responsibility for, or being required to satisfy in any manner, whether in law or in equity, whether by payment, setoff, or otherwise, directly or indirectly, any claim or lien against the Debtors, the Debtors' estates, or against any insider of the Debtors.

13.     Upon the consummation of the Sale at Closing, a certified copy of this Order may be filed and/or recorded with the appropriate filing agents, filing officers, administrative agencies or governmental departments, evidencing the release, cancellation and termination provided herein of any liens of record on the Acquired Assets prior to the date of this Order.

14.     Upon the consummation of the Sale at Closing, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Acquired Assets to Buyer and the bankruptcy estates' interests in the Acquired Assets acquired by Buyer pursuant to the terms of the APA and the Bill of Sale attached thereto.

15.     Buyer is not an "insider" or "affiliate" of any of the Debtors, the Debtors' estates or the Trustees as those terms are defined in section 101 of the Bankruptcy Code, and no common identity of incorporators, directors, managers, or controlling stockholders existed between the Debtors, the Debtors' estates or the Trustees and the Buyer. The APA, and each of the transactions contemplated therein were negotiated, proposed and entered into by the Trustees and Buyer

7

without collusion or fraud, in good faith, and from arm's-length bargaining positions, and are substantively and procedurally fair to all parties.

16. Buyer is a good faith Buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to, and is hereby granted, the full rights, benefits, privileges, and protections of section 363(m) of the Bankruptcy Code. The Sale contemplated by the APA is undertaken by Buyer without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein shall neither affect the validity of the Sale (including the assumption and assignment of the Designated Contracts) nor the transfer of the Acquired Assets owned by the Debtors to Buyer pursuant to the APA, free and clear of all liens, claims, encumbrances, and other interests. The Trustees and Buyer will be acting in good faith if they proceed to consummate the Sale at any time after entry of this Order.

17. <u>Sale As Is, Where Is</u>. The Acquired Assets to be sold hereunder shall be sold "as is, where is" without any representations or warranty of any kind, including, but not limited to, any warranty of fitness or warranty for a particular purpose. The Trustees do not represent or warrant the quantity or the existence of any of the Acquired Assets, only that, to the extent that each Debtor has an interest therein, it is being sold to Buyer free and clear of liens, claims and interests consistent, and pursuant to Bankruptcy Code section 363(f).

18. The Trustees are authorized under 11 U.S.C. § 721 to operate the businesses of the Debtors, if necessary, in order to enter into an Interim Management Agreement with the Buyer until new liquor licenses can be obtained by the Buyer under applicable state laws of Texas and Minnesota.

19. <u>Assumption and Assignment of Executory Contracts and Unexpired Leases</u>. The Designated Contracts to be assumed by Sellers and assigned to Buyer pursuant to Section 365 of the Bankruptcy Code are those executory contracts and unexpired leases (i) included on Exhibit A attached to the APA or (ii) identified by Purchaser on or before the Assumption and Rejection Notice Date and identified for assumption and assignment in accordance with the form Notice of Assumption and Assignment attached as Exhibit B to the APA unless otherwise removed by Buyer

prior to the Closing, for any contract or lease listed on Exhibit A thereto, or removed by Buyer prior to the Assumption and Rejection Deadline, for any contract or lease identified with the filing of a completed Exhibit B thereto. Any lease so identified by Buyer shall have a cure payment of $0.00. Alternatively, Buyer may identify leases to be rejected provided that the landlord waives any rejection damages and administrative claims as against the respective estate in connection with Buyer assuming the lease(s) outside of the applicable bankruptcy estate.

20. Counterparties to contracts and leases identified with the filing of a completed Exhibit B of the APA shall have seven (7) days to object to the assumption and assignment of the identified contracts or the cure proposed thereby. A hearing shall be set for July 29, 2024, or such other date as the Court(s) may consider in close proximity to such date, to resolve any disputes, provided, however, that the Assumption and Rejection Deadline for any Designated Contract that is the subject of an objection and hearing shall be extended, for that contract or lease only, until such objection is disposed by order of the Court or agreement of the relevant parties.

21. Any contract or lease that is not expressly assumed and assigned pursuant to the terms of the APA, shall be deemed rejected as of the date immediately before the date of the filing of the applicable Debtor counterparty's bankruptcy petition.

22. At Closing, the Franchise Agreements listed on Exhibit C of the APA shall, as of 12:01 a.m. of the Closing Date, be deemed rejected by the Debtors pursuant to section 365(a) of the Bankruptcy Code and deemed terminated by Buyer, and such rejection and termination will occur automatically without the requirement of any further action on the part of the Sellers or Buyers to effect such rejection and termination.

23. The closing of the transaction contemplated in the APA (the "**Closing**") shall occur upon the entry of this Order.

24. In the event there is a conflict between this Order and the APA, this Order shall control and govern.

25. This Order and the relief provided herein is necessary to avoid immediate and irreparable harm in accordance with Rule 6003 of the Federal Rules of Bankruptcy Procedure.

26. The 14-day stay of sale orders provided for in Rule 6004(h) and Rule 6006(d) of the Federal Rules of Bankruptcy Procedure, or any other applicable stay, is hereby waived, and this order shall be effective immediately upon entry.

27. This Order and the APA shall be binding in all respects upon, (a) the Trustees, (b) the Debtors and the Debtors' bankruptcy estates, (c) all creditors of, and holders of equity interests in, the Debtors' bankruptcy estates, (d) all holders of liens or other interests (whether known or unknown) in, against, or on all or any portion of the Acquired Assets, (e) all non-debtor counterparties, (f) the Buyer, (g) the Acquired Assets, and (h) all successors and assigns of each of the foregoing.

# # # END OF ORDER # # #

## **EXHIBIT A**

## **Asset Purchase Agreement**

11